**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TURI K. AARNES,**

**Plaintiff,**

v.

**OHIO STATE UNIVERSITY, *et al.*,**

**Defendants.**

**Case No. 2:24-cv-2146**
**Judge Algenon L. Marbley**
**Magistrate Judge S. Courter M. Shimeall**

**ORDER**

This matter came before the Court for a telephonic discovery conference on November 3, 2026, to address Plaintiff's request for additional discovery based on newly learned information. All parties appeared through counsel. This Order memorializes the conference.

Plaintiff sought additional discovery after one of Defendant's corporate representatives testified at a recent deposition that there was an unofficial, unwritten college practice in place since 2015 that when a faculty member receives a "below-expectations" evaluation on the professional-behavior portion of their annual performance review, the overall annual performance review for the year must be "below-expectations." Plaintiff contended that this was relevant because this triggers OSU's Annual Merit Compensation Process ("AMCP") policy that faculty members who receive an overall rating of "below expectations" on their annual review must not receive a merit raise that year. Plaintiff further represented that, prior to this deposition, and despite requesting information in Interrogatory No. 19 about the factors that went into merit raises, she did not know about this unofficial, unwritten policy. Based on this, Plaintiff now seeks the following additional categories of information: (1) all annual faculty reviews in the College of Veterinary Medicine from 2015 to

the present; (2) negative student evaluations for any faculty member in the College of Veterinary Medicine between 2015 and the present; and (3) complete College of Veterinary Medicine faculty compensation information between 2015 and the present.

Defendant strongly opposed additional discovery and contended that Plaintiff's requests were not contemplated in her initial discovery requests. On this point, Defendant argued that Plaintiff had access to her annual performance reviews, which demonstrated that she was "below expectations" in the Professional Behavior category, and was likewise aware that an overall "below expectations" rating meant Plaintiff was not eligible for a merit-based compensation increase. Defendant further argued that additional discovery on this front would be unduly burdensome because there was not a uniform database housing this information, each department kept their records differently, and the retention policy for annual reviews was only three years—meaning it would be hard to ensure compliance with a longer timeframe.

Upon consideration of the parties' arguments, the Court found that the information Plaintiff sought related to the unofficial policy was relevant to Plaintiff's claims, that it was arguably covered by her initial requests, and that the information did not become known until the corporate representative deposition. The Court further acknowledged the undue burden on Defendant to reopen discovery for the full requested timeframe, especially given that the retention policy for these documents was only three years during the time period in question.

Accordingly, and in line with the explanation provided on the discovery call, the Court **ORDERS** as follows:

1. The Court **GRANTS in part** Plaintiff's request to reopen discovery, for the narrow and limited purpose of obtaining the Department of Veterinarian Clinical Sciences faculty

members' annual performance reviews for the calendar years of 2023, 2024, and 2025 only. Defendant shall produce these reviews to Plaintiff by **December 4, 2026**.[1]

2. The Court **GRANTS** Defendant's request to extend the case schedule deadlines given that the limited reopening of discovery. The case schedule is hereby modified as follows:
   a. Dispositive Motions due by **December 18, 2026**;
   b. Primary Expert Reports due by **February 12, 2027**; and
   c. Rebuttal Expert Reports due by **March 26, 2027**.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

[1] In light of the corporate representatives explanation on the discovery call, the Court finds that Plaintiff did not identify sufficient arguments as to why the information implicated by categories (2)–(3) was newly discovered